IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL J. GUICE, #2067588 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv1239 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

Petitioner Michael J. Guice, an inmate confined in the Texas prison system, proceeding *pro se*, filed the above-styled and numbered petition for a writ of habeas corpus challenging his Gregg County convictions. The petition was referred to United States Magistrate Judge K. Nicole Mitchell, who issued a Report and Recommendation concluding that the petition should be denied. (Dkt. # 32). Mr. Guice has filed objections. (Dkt. # 34). After conducting a *de novo* review of the record, the pleadings, and the paper on file, the court concludes that Mr. Guice has not shown that he is entitled to relief, and the petition will be denied.

Background

Mr. Guice is in custody pursuant to Gregg County convictions for (1) possession of a controlled substance in an amount of four grams or more but less than 200 grams with intent to deliver, and (2) unlawful possession of a firearm by a felon. On May 3, 2016, after pleas of guilty pursuant to a plea bargain, he was sentenced to fifteen years of imprisonment on the drug offense and eight years of imprisonment for unlawful possession of a firearm by a felon. He did not appeal the convictions. Mr. Guice filed an application for a writ of habeas corpus in state court

1

on July 26, 2016. The state trial court issued findings of fact and conclusions of law on September 15, 2016. The Texas Court of Criminal Appeals denied the application without written order on findings of the trial court without a hearing on October 5, 2016.

The present petition was filed on October 21, 2016. Mr. Guice brings the following grounds for relief:

1. He was not in exclusive possession of the place where the drugs were found;

2. The trial court abused its discretion by failing to order the disclosure of the identity of the confidential informant;

3. Counsel was ineffective by failing to file a motion to suppress the evidence; and

4. Counsel was ineffective for failing to challenge the evidence.

The Director filed an answer (Dkt. #21) on May 3, 2017. Mr. Guice filed a response (Dkt. #24) on May 12, 2017.

## Standard of Review

The undersigned reviews the petition, answer and the record *de* novo. The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does "not sit as a super state supreme court to review error under state law." *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007) (citations omitted); *Porter v. Estelle*, 709 F.2d 944, 957 (5th Cir. 1983).

The petition was filed in 2016; thus, review is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 327 (1997). Under AEDPA, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas corpus relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). "By its terms § 2254 bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). AEDPA imposes a "highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citation and internal quotation marks omitted). With respect to the first provision, a "state court decision is 'contrary to' clearly established federal law if (1) the state court 'applies a rule that contradicts the governing law' announced in Supreme Court cases, or (2) the state court decides a case differently than the Supreme Court did on a set of materially indistinguishable facts." *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006) (en banc) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011). As such, "evidence later introduced in federal court is irrelevant." *Id.* at 184. "The same rule necessarily applies to a federal court's review of

3

purely factual determinations under § 2254(d)(2), as all nine Justices acknowledged." *Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011). With respect to § 2254(d)(2), a Texas court's factual findings are presumed to be sound unless a petitioner rebuts the "presumption of correctness by clear and convincing evidence." *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (citing § 2254(e)(1)). The "standard is demanding but not insatiable; . . . [d]eference does not by definition preclude relief." *Id.* (citation and internal quotation marks omitted). More recently, the Supreme Court held that a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (citation omitted). The Supreme Court has explained that the provisions of AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Federal habeas corpus relief is not available just because a state court decision may have been incorrect; instead, a petitioner must show that a state court decision was unreasonable. *Id.* at 694.

## Discussion

1. <u>Mr. Guice's Guilty Pleas Were Entered Knowingly, Voluntarily and Intelligently</u>

As a preliminary matter, the court notes that Mr. Guice pled guilty to the offenses pursuant to a plea bargain. A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily and intelligently. *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000); *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). If a defendant understands the charges against him,

4

understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea and any concomitant agreement will be upheld on federal review. *Deville v. Whitley*, 21 F.3d 654, 656 (5th Cir. 1994).

In the present case, the trial court gave Mr. Guice written admonishments. SHCR[1] at 60-61. He was advised that the drug possession offense was a first degree felony, with a punishment range of a "term of life or any term of not more than 99 years or less than 5 years" in the Texas prison system, along with a fine not to exceed $10,000. *Id.* at 63. Mr. Guice was advised that the firearm charge was a second degree felony, with a range of punishment of a "term of not more than 20 years or less than 2 years" in the Texas prison system, along with a fine not to exceed $10,000. *Id.* Mr. Guice was advised that if a plea bargain existed, the court would inform him whether it would follow the agreement in open court before entering a finding on his plea. *Id.* He was advised that he would be permitted to withdraw his plea if the court rejected the agreement. *Id.* Mr. Guice specified that he understood the admonishments from the court and was aware of the consequences of the plea. *Id.* at 64. He specified that he was mentally competent and that his plea was entered freely and voluntarily. *Id.* Mr. Guice consented to oral and written stipulations of the evidence and provided a judicial confession. *Id.* Mr. Guice, along with counsel, the prosecutor, and the trial judge, signed the document with the written admonishments, waiver and judicial confession. The state records also include a copy of the plea bargain, which includes an agreement to fifteen years of imprisonment on the drug offense and eight years of imprisonment on the firearms offense. *Id.* at 65. Mr. Guice was sentenced in accordance with

---

[1]"SHCR" refers to the state habeas clerk's record followed by the page number(s).

the plea bargain. Mr. Guice also signed a written stipulation of the evidence. *Id.* at 67. The judgment with respect to both offenses reveals that Mr. Guice appeared in person with counsel and that he freely and voluntarily pled guilty. *Id.* at 69, 73. Finally, Mr. Guice signed a document waiving his right to a new trial, motion for arrest of judgment and notice of appeal. *Id.* at 66. The Fifth Circuit has held that "solemn declarations in open court carry a strong presumption of verity." *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)). Mr. Guice has not overcome the strong presumption of verity in this case. He has not shown that his guilty pleas were not entered knowingly, voluntarily, and intelligently.

A knowing and voluntary guilty plea waives all nonjurisdictional deprivations that occurred prior to the plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984). In *Tollett*, the Supreme Court provided the following discussion:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann.[2]

*Id.* at 267. Citing *Tollett*, the Fifth Circuit has repeatedly held that a voluntary and unconditional guilty plea waives all nonjurisdictional defects. *United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008); *United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007), *cert. denied*, 552

---

[2]*McMann v. Richardson*, 397 U.S. 759 (1970).

U.S. 936 (2007); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986), *cert. denied*, 479 U.S. 1039 (1987) (voluntary guilty plea waives all nonjurisdictional defects, including claims that a confession was involuntary and tainted by an illegal arrest). Mr. Guice has waived all nonjurisdictional defects in his case because of his knowing and voluntary guilty pleas.

2. <u>Mr. Guice Has Not Shown Counsel was Ineffective Regarding the Search Warrant</u>

In his objections, Mr. Guice complains that trial counsel did not challenge the search warrant. He asserts that counsel should have challenged the search warrant because the social security number shown on the warrant is not his social security number.

Mr. Guice's first objection is an ineffective assistance of counsel claim, which is governed by the Supreme Court's standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* provides a two-pronged standard, and the petitioner bears the burden of proving both prongs. *Id.* at 687. Under the first prong, he must show that counsel's performance was deficient. *Id.* To establish deficient performance, he must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Id.* at 688. The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 690. Under the second prong, the petitioner must show that his attorney's deficient performance resulted in prejudice. *Id.* at 687.

A defendant who pleads guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*." *Tollett*, 411 U.S. at 267; *Hill*, 474 U.S. at 56-

7

57. To demonstrate prejudice in connection with a guilty plea, the petitioner must show that there is a reasonable probability that but for counsel's errors, he would not have pled guilty but would have insisted on going to trial. *Hill*, 474 U.S. at 59. The ultimate question is the voluntariness of the plea; thus, "[e]ven where counsel has rendered totally ineffective assistance to the defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary." *United States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984).

In the present case, Mr. Guice has not shown that his guilty pleas were not entered knowingly and voluntarily. Moreover, the mere fact the search warrant may have had an erroneous social security number does not mean that the warrant would have been suppressed. "The Fourth Amendment contains no provision expressly precluding the use of evidence obtained in violation of its commands . . . ." *United States v. Leon*, 468 U.S. 897, 906 (1984). Instead, the exclusionary rule is a judicially created remedy designed to deter misconduct of government actors by prohibiting the use of evidence wrongfully obtained. *Id.* The good-faith exception modifies the exclusionary rule by permitting the consideration of all evidence, even evidence wrongfully obtained, "when law enforcement officers have acted in objective good faith or their transgressions have been minor." *Id.* at 908. Under those circumstances, excluding the evidence obtained would not serve the objectives of the exclusionary rule. *Id.* at 920-21. The Supreme Court has clearly found that evidence seized in conjunction with documents containing a clerical error falls within the exception to the exclusionary rule. *Arizona v. Evans*, 514 U.S. 1, 15-16 (1995). Under the good-faith exception, which becomes relevant when the probable cause underlying a search warrant depends upon erroneous information, the evidence obtained in a

search is admissible when the officer's reliance on the truth of the information was objectively reasonable. *United States v. Sibley*, 448 F.3d 754, 757 (5th Cir. 2006); *United States v. Womack*, 675 F. App'x 402, 406 (5th Cir. 2017). Mr. Guice has not shown that the mere fact that the search warrant in his case contained an erroneous social security number would have led to the suppression of the evidence seized in conjunction with the warrant. He has not shown that counsel had any reason to file a motion to suppress. Counsel was not required to make frivolous or futile motions or objections. *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Mr. Guice has not shown that he is entitled to relief because counsel did not file a motion to suppress.

The court would add that this issue was addressed in the State habeas corpus proceedings. Mr. Guice's attorney, Alex Tyra, provided an affidavit responding to the claims as follows:

> During my investigation of this case, I was able to review the records provided in discovery and through my own investigation. I was also able to review Mr. Guice's prior criminal history. I reviewed the affidavit used by the police to obtain a search warrant and I also reviewed the search warrant signed by the Court. I also reviewed the offense reports regarding the criminal charges against Mr. Guice and went over all of these items with Mr. Guice. During plea negotiations in this matter I was advised that due to Mr. Guice's extensive criminal history, the State was considering filing a Notice of Enhancement for punishment in this case which would elevate the range of punishment to a range of 25 years to 99 years or Life should Mr. Guice be convicted. It should also be noted that Mr. Guice had two additional unfiled felony charges against him including another Possession of Controlled Substance and Theft of Firearm.
>
> I explained to Mr. Guice that I had reviewed the facts of this case and advised him that if we filed a motion to suppress evidence, I did not feel it would be successful. The discovery indicated that Mr. Guice was located about twenty feet away from the apartment identified in the affidavit and he admitted that he had cocaine in his possession and the offense report also indicated that Mr. Guice later admitted that the drugs and weapons found in the apartment were his.

9

> I further explained that the prosecutor had advised that if a motion to suppress was filed, they intended to file the enhancement notice and he would be facing a minimum sentence of 25 years if he was convicted. The District Attorney's office had offered a plea bargain agreement to Mr. Guice for a sentence of 15 years in exchange for a plea of guilty on Count 1 and 8 years on Count 2 to run concurrent. The plea offer also included pleas in bar to the unfiled pending cases. The decision to plead Guilty was Mr. Guice's decision. I did advise Mr. Guice that if he accepted the plea offer, that the enhancement would not be filed by the prosecutor and we would not file a motion to suppress. I did not force Mr. Guice to plead guilty, nor did I inform him that he had to plead guilty in any manner.

SHCR at 53-54.

After reviewing the record and affidavit by counsel, the state trial court issued the following findings of fact on the ineffective assistance of counsel claims:

- Mr. Alex Tyra is well known to this court and his affidavit is credible.

- Mr. Tyra reviewed the discovery and did his own investigation.

- Mr. Tyra reviewed the affidavit used by police to obtain a search warrant and the warrant itself and discussed them with Guice.

- Mr. Tyra reviewed the offense reports and discussed it with Guice.

- Mr. Tyra explained to Guice why a motion to suppress would not be successful, and would likely provoke the State into filing a notice of intent to seek enhanced punishment - making possible a minimum sentence of 25 years.

- The State's offer was 15 years for a guilty plea to Count I and 8 years for Count II, to run concurrently, along with pleas in bar for the unfiled charges pending against him.

- Mr. Tyra relayed this offer to Mr. Guice, who made the decision to accept it.

SHCR at 56-57.

The State trial court went on to make the following findings of law:

- Mr. Guice has not proved that Mr. Tyra was ineffective in any way.

10

- The record does not support any of Mr. Guice's claims of deficient performance.

- Mr. Tyra made a strategically sound decision to not file a motion to suppress because it would likely be unsuccessful, and because its filing would provoke the state into action that would increase the possible punishment range.

- An attorney has no obligation to file a frivolous motion.

- Mr. Guice's decision to plead guilty was his and his alone, and it was made knowingly, intelligently, and voluntarily after proper admonitions.

- The record does not support Mr. Guice's claim of prejudice based on Mr. Tyra's performance. . . .

- The Court further finds that the applicant received reasonably effective assistance of counsel.

- Guice has failed to show that the performance of Mr. Tyra fell below an objectively reasonable standard of professional responsibility or that the outcome of Guice's case would have been different but for Mr. Tyra's representation.

SHCR at 57-58. The Texas Court of Criminal Appeals subsequently denied the application for a writ of habeas corpus based on findings of the trial court without a hearing.

Mr. Guice is not entitled to relief because he has not shown, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. Instead, he merely repeated his complaint that counsel failed to file a motion to suppress the evidence and failed to challenge the evidence. He did not show that counsel was ineffective under the *Strickland* standard or that the state trial court's decision was unreasonable in any respect.

Finally, in the context of § 2254(d), the deferential standard that must be accorded to an attorney's representation must also be considered in tandem with the deference that must be accorded state court decisions, which has been referred to as "doubly" deferential. *Richter*, 562 U.S. at 105. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* "If the standard is difficult to meet, that is because it was meant to be." *Id.* at 102. *Also see Morales v. Thaler*, 714 F.3d 295, 302 (5th Cir.), *cert. denied*, 134 S. Ct. 393 (2013). Mr. Guice has not satisfied the "doubly" deferential standard with respect to his first ineffective assistance of counsel claim.

3.  <u>Mr. Guice Has Not Shown Ineffective Assistance of Counsel Regarding the Sufficiency of the Evidence</u>

In his second objection, Mr. Guice asserts that his pleas were not entered voluntarily and that he entered guilty pleas only on the misadvice of counsel. He explains that if he had known that the evidence was insufficient, he would have elected to go to trial.

The sufficiency of the evidence was fully explored during the state habeas corpus proceedings. As was previously noted, Alex Tyra, Mr. Guice's attorney, provided an affidavit. SHCR at 52-54. The State trial court issued the following findings of fact:

- Ample links connect the contraband to Mr. Guice:

    ○ A reliable informant stated [Mr.] Guice was selling drugs from a specific apartment at a specific address.

    ○ [Mr.] Guice was located approximately 20 feet from the apartment.

    ○ [Mr.] Guice told officers his baby was located in that apartment.

12

- [Mr.] Guice told officers he had "some 'powder'" on him.

- [Mr.] Guice had $240 and 6.2 grams of cocaine in is right front pocket.

- In the apartment they found 2.6 grams of cocaine in baggies in the living room; 9 grams of cocaine in a baggy in the kitchen; 6.5 grams [of] cocaine in a baggy in the kitchen, 3 grams of cocaine in 12 baggies in the bedroom; 3 grams of ectasy in the kitchen; 1 gram of marijuana in the living room; two digital scales in the kitchen; a .40 caliber firearm with magazine and ammunition, a .22 caliber revolver with ammunition.

- [Mr.] Guice's girlfriend told officers that they had lived together in that apartment, and she knew he sold drugs.

- He admitted keeping clothes there and taking a shower there but denied living there.

- Officers found, inside the apartment, mail addressed to [Mr.] Guice at the apartment.

- Officers found his offender card inside the apartment.

- [Mr.] Guice told officers all the drugs and guns found inside the apartment belonged to him.

SHCR at 55-56. The state trial court went on to find that the (1) sufficiency of the evidence is not cognizable on application for writ of habeas corpus, and (2) the evidence was more than sufficient to convict Mr. Guice. *Id.* at 57. The Texas Court of Criminal Appeals subsequently denied the application for a writ of habeas corpus based on findings of the trial court without a hearing.

In light of the foregoing, Mr. Guice's objection must be rejected for numerous reasons. First of all, his voluntary guilty plea waived his insufficient evidence claim. Secondly, the Fifth Circuit has recognized Texas' procedural bar that insufficient evidence claims are not cognizable on habeas. *West v. Johnson*, 92 F.3d 1385, 1398, n.18 (5th Cir. 1996); *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994). Finally, Mr. Guice's has not shown, as required by 28 U.S.C. § 2254(d), that

13

the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

The court notes once again that Mr. Guice raised the insufficient evidence claim in the context of ineffective assistance of counsel. He asserts that he pled guilty only on the misadvice of counsel. Since the insufficient evidence claim lacks merit, counsel had no reason to challenge the evidence. He had no reason to advise Mr. Guice to forego pleading guilty due to a lack of evidence. Counsel was not required to bring frivolous claims to the trial court. *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). The ground for relief lacks merit.

4.  <u>Mr. Guice Has Not Shown a Violation of the AEDPA Standard</u>

Mr. Guice finally cites the AEDPA standard and argues that the holding by the State court resulted in a decision that was contrary to clearly established federal law as determined by the Supreme Court. He also asserts that his rights under the Sixth and Fourth Amendments were violated. He did not, however, develop his arguments. Mr. Guice has offered nothing other than conclusory allegations and bald assertions, which are insufficient to support a petition for a writ of habeas corpus. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Mr. Guice's objections lack merit.

Conclusion

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Guice to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Guice's objections are without merit. Therefore, the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED**.

**So Ordered and Signed**
**Dec 19, 2017**

_____
Ron Clark, United States District Judge